IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICKEL HART, #139505, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-526-ECM-SMD |
| | ) | [WO] |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Mikel Hart, a state inmate confined at the Red Eagle Honor Farm, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenges the constitutionality of the process for determining custody eligibility utilized by the Alabama Department of Corrections ("ADOC"). *Id.* Plaintiff alleges that male inmates are treated differently than female inmates with respect to their eligibility for minimum-community custody and work release. *Id.* On January 13, 2021, Plaintiff filed a motion requesting class action status under Federal Rule of Civil Procedure 23. (Doc. 21). Plaintiff seeks class certification on behalf of several other Red Eagle inmates who have also filled actions in this Court challenging the ADOC's process for determining custody eligibility. *Id.* Plaintiff presumably seeks to act as the class representative. *Id.*

The Court construes Plaintiff's motion as one for class certification. Federal Rule of Civil Procedure 23 lists several prerequisites a litigant must meet to maintain a class action. One requirement is that the representative party "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). It is well settled that, except in very rare

cases, a *pro se* litigant lacks the training, competence, and experience necessary to adequately represent the interests of a proposed class. *See, e.g.*, *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a *pro se* plaintiff could not bring a class action on behalf of his fellow orthodox Muslim inmates); *Williams v. Monroe Cty. Bd. of Educ.*, 2009 WL 262750, at *1 (S.D. Ala. Feb. 4, 2009) (holding that two *pro se* plaintiffs lacked the training and expertise necessary to protect the interests of a proposed class). *See generally* WILLIAM B. RUBENSTEIN, 1 NEWBERG ON CLASS ACTIONS § 3:79 (5th ed. 2020) (explaining that "courts uniformly reject motions for class certification filed by a *pro se* litigant"). Here, there is nothing in the record to suggest that Plaintiff possesses the training, competence, and experience necessary to adequately represent the interests of her fellow Red Eagle inmates.

The undersigned Magistrate Judge therefore RECOMMENDS that Plaintiff's Motion for Class Certification (Doc. 21) be DENIED. The undersigned also RECOMMENDS that this case be referred to the undersigned for further proceedings.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **February 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of February, 2021.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE