IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICKEL HART, AIS 139505, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:20-CV-526-ECM-SMD |
| | ) |
| JEFFERSON DUNN, et al., | ) |
| | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Proceeding *pro se*, Plaintiff filed this 42 U.S.C. § 1983 action on July 27, 2020. By Order of July 29, 2020, the court granted Plaintiff in forma pauperis status and specifically instructed Plaintiff to provide notice within ten days following any address change. Doc. 3. Plaintiff further was informed that failure to so report a change of address would result in a dismissal of this case. *Id.* at 4. On August 17, 2020, the court entered an order of procedure containing the same directives. Doc. 5 at 2–3. The docket reflects Plaintiff received copies of these Orders.

The court recently determined that Plaintiff is no longer located at his most recent service address of record.[1] Accordingly, by Order of July 12, 2023, Plaintiff was directed to file—by July 24, 2023—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the court and to adequately prosecute this action. Doc. 48. The July 12, 2023, Order specifically informed Plaintiff the

---

[1] *See* http://doc.state.al.us/InmateSearch (last visited July 27, 2023). Plaintiff's service address on record with the court is the Red Eagle Honor Farm. *See* Doc. 1.

administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has not filed a response or otherwise complied with the court's July 12, 2023, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that any objections to this Recommendation must be file by **August 14, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of July, 2023.

 /s/   Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE